**STEPTOE & JOHNSON LLP**
CAROL BROPHY (SBN 155767)
cbrophy@Steptoe.com
ANTHONY J. ANSCOMBE (SBN 135883)
aanscombe@Steptoe.com
1 Market Street, Suite 1800
San Francisco, CA 94105
Telephone:   (415) 365-6700
Facsimile:   (415) 365-6699

**STEPTOE & JOHNSON LLP**
MELANIE A. AYERH (SBN 303211)
mayerh@steptoe.com
633 West Fifth Street, Suite 1900
Los Angeles, CA 90071-3033
Telephone:   (213) 439-9400
Facsimile:   (213) 439-9599

*Counsel for Defendant,*
COUNTRY LIFE, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOCHA GUNARATNA, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>COUNTRY LIFE, LLC, and DOES 1 through 10, inclusive,<br><br>　　　　　Defendant. | Case No.: _____<br>Judge: _____<br><br>**NOTICE OF SECOND REMOVAL**<br><br>(Originally Los Angeles County Superior Court Case No. 19STCV24458)<br><br>Complaint Filed: July 15, 2019<br>FAC Filed: March 15, 2021 |

NOTICE OF REMOVAL                                  DOC. # DC-13795035 V.1

**PLEASE TAKE NOTICE** that Defendant Country Life, LLC ("Country Life") pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, hereby removes the above-captioned action from the Los Angeles County Superior Court to the United States District Court for the Central District of California.

## I.   INTRODUCTION

1.     This Action is properly removed to this Court pursuant to 28 U.S.C. § 1441 because this Court has jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA"), in that this Action is a civil action in which the alleged amount in controversy exceeds the sum of $5,000,000.00 exclusive of costs and interest, has more than 100 members in the proposed putative class, and involves citizens of different states.

## II.   BACKGROUND

2.     On July 15, 2019, Plaintiff Mocha Gunaratna, purportedly on behalf of herself and a putative class of California purchasers filed a civil action in the Los Angeles County Superior Court entitled *Mocha Gunaratna v. Country Life, LLC*, DOES 1 through 10, inclusive, Los Angeles County Superior Court, Case No. 19STCV24458. Plaintiff served the Summons and Complaint on Country Life on July 16, 2019. True and correct copies of the Summons, Complaint, Proof of Service and other documents served on July 16, 2019 are attached hereto as **Exhibit 1**.

3.     On August 14, 2019, Country Life removed this case to the United States District Court for the Central District of California. The case was assigned to the Honorable George Wu, Case No. 2:19-cv-07095-GW-PLA. (Dkt No. 5.)

4.     On September 12, 2019, Plaintiff filed a Motion to Remand. (Dkt No. 15.) Plaintiff argued that Country Life had not established the amount in controversy exceeded the CAFA jurisdictional limit of $5,000,000.00. Plaintiff argued that remand was required because the complaint did not seek damages, only injunctive relief, and therefore "provided no reasonable basis by which to calculate hypothetical damages." (*Id.*)

1

DOC. # DC-13795035 V.1

5.     On October 10, 2019, this Court granted Plaintiff's motion and remanded the case to the Superior Court. The Court adopted Plaintiff's position noting that Plaintiff sought only "injunctive relief, attorneys' fees, and costs of the suit" and on those grounds, concluded that Defendant could not establish that the cost of compliance with the injunction sought exceeded the jurisdictional threshold. (Dkt. No. 22).

6.     On November 16, 2020, Plaintiff filed a Motion for Leave to file a First Amended Class Action Complaint. Country Life opposed the motion on grounds that it was procedurally defective and that the Judicial Estoppel doctrine barred the proposed amendments – Plaintiff was taking inconsistent positions in the same litigation, after having reaped the benefit of her initial position that she did not pursue monetary damages. A true and correct copy of the briefing on Plaintiff's Motion for Leave is attached hereto, collectively, as **Exhibit 2**.

7.     On January 6, 2021, the Superior Court issued a Tentative Order denying Plaintiff's Motion for Leave to File an Amended Complaint and agreed with Country Life that the motion was procedural defective and that the doctrine of Judicial Estoppel properly applied to bar Plaintiff's amendments. A true and correct copy of the Tentative Order is attached hereto, as **Exhibit 3**.

8.     On February 16, 2021, following oral argument on Plaintiff's motion for leave, the Superior Court issued a Minute Order allowing Country Life to file a Supplemental Brief to address the application of *Kirkbride v. Continental Casualty Co.*, 933 F.2d 729 (9th Cir. 1991), a case that Plaintiff raised for the first time during oral argument. Country Life filed a supplemental brief on March 1, 2021 noting that the *Kirkbride* decision, which addresses the law on successive removal, did not inform the Judicial Estoppel analysis. A true and correct copy of the Minute Order and Country Life's Supplemental briefing is attached hereto, collectively, as **Exhibit 4**.

NOTICE OF REMOVAL                                    DOC. # DC-13795035 V.1

9.      On March 5, 2021, the Superior Court issued an Order granting Plaintiff's motion for leave to amend, finding that because Country Life can remove a second time based on Plaintiff's amendments, there is no prejudice under *Kirkbride*. A true and correct copy of the Superior Court's Order is attached here to as **Exhibit 5**.

10.     On March 15, 2021, Plaintiff filed her First Amended Complaint ("FAC"). A true and correct copy of the FAC is attached here to as **Exhibit 6**.

11.     The FAC, which is now styled as a *nationwide* class action, purports to bring claims on behalf of a putative nationwide class of purchasers for restitution, monetary damages, injunctive relief and attorneys' fees under California's (1) Consumers Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.*; (2) False Advertising Law, Cal. Bus. & Prof. Code § 17500, *et seq.*; (3) Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.*; (4) breach of express warranty; and (5) unjust enrichment. The FAC alleges that Country Life deceptively marketed *two* products – Activated Charcoal *capsules* and Activated Charcoal *powder* ("Products") – by advertising the Products as a "digestive aid" that "promotes adsorption of intestinal gas" even though claims that activated charcoal offers gastric relief are allegedly refuted by science. (FAC ¶2.)[1]

12.     The proposed putative class consists of "[a]ll persons who purchased the Products in the United States for personal use and not for resale during the time period July 15, 2015 through the present." (FAC ¶ 26.) In the alternative, the FAC seeks to certify a class consisting of "[a]ll persons who purchased the Products in the State of California for personal use and not for resale during the time period July 15, 2015 through the present." *Id.*

---

[1] The Original complaint sought to certify a much narrower class consisting only of *California* consumers who purchased a single Country Life product, the Activated Charcoal capsule. The Original Complaint also sought injunctive relief only. Plaintiff disavowed any claim for money damages or restitution.

NOTICE OF REMOVAL                                    DOC. # DC-13795035 V.1

13.    Nothing in this Notice of Removal should be interpreted as a concession of liability, the appropriateness of venue, the appropriateness of class treatment, Plaintiff's class definition, or the validity of Plaintiff's claim for relief. Country Life reserves the right to supplement and amend this Notice of Removal.

## II.    TIMELINESS OF REMOVAL

14.    This Notice of Second Removal is timely. Under 28 U.S.C. § 1446(b)(3), "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable."

15.    The District Court initially remanded this case finding that Country Life did not establish that the cost of compliance with the injunction sought exceeded $5,000,000.00.

16.    On March 5, 2021, the Superior Court granted Plaintiff leave to amend the Complaint to relating to a second product, and a new theory of damages. Plaintiff filed the FAC on March 15, 2021.

17.    The amended Complaint constitutes a paper "from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). A claim under the CAFA may be removed at any time within 30 days of service. 28 U.S.C. § 1453(b) ("the 1-year limitation under section 1446 (c)(1) shall not apply"); *Roth v. CHA Hollywood Med. Ctr., L.P.,* 720 F.3d 1121, 1126 (9th Cir. Cal. 2013). This Second Notice of Removal is timely as it is filed within thirty (30) days of the first paper from which it may be first ascertained that the action is removable.

## III.    REQUIREMENTS FOR REMOVAL UNDER CAFA

18.    This Court has original jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA"), codified in part at 28 U.S.C. §§ 1332(d)

4

and 1453. Under CAFA, a district court shall have original jurisdiction over any putative civil class action in which: (1) there are at least 100 members in all proposed plaintiff classes; (2) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs"; and (3) "any member of a class of plaintiffs is a citizen of a state different from any defendant." 28 U.S.C. § 1332(d) (2,5). Because this action meets each of CAFA's requirements, it may be removed to federal court. 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State Court of which the district courts of the United States have original jurisdiction, may be removed by the defendant.")

## IV.   THE REQUIREMENTS FOR REMOVAL UNDER CAFA ARE SATISFIED

### The Number of Proposed Class Members Exceeds 100

19.    The FAC alleges that members of the putative class are "so numerous that their individual joinder herein is impracticable." (FAC ¶ 27.)

20.    The FAC further asserts that "the Class numbers in the hundreds of thousands or more throughout the State of California and the United States. The Class is sufficiently numerous because hundreds of thousands of units of the Products have been sold in California and the United States during the time period July 15, 2015 through the present" (*Id.*)  It also alleges that the class "consists of thousands of persons."  (FAC ¶ 37.)

21.    The size of the putative class is thus far in excess of 100 members.

### The Amount in Controversy Exceeds $5 Million

22.    Defendant denies Plaintiff's substantive allegations, the appropriateness of class treatment, and that Plaintiff is entitled to any of the relief sought in her Complaint, and does not waive any defense with respect to any of Plaintiff's claims. Nonetheless, the amount in controversy is determined by accepting Plaintiff's allegations as true. *See Cain v. Hartford Life & Accident Ins. Co.*, 890 F. Supp. 2d 1246, 1249 (C.D. Cal. 2012) ("In measuring the amount in

5

DOC. # DC-13795035 V.1

controversy, a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.")

23.     Case law is clear that "the amount-in-controversy allegation of a defendant seeking federal-court adjudication should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 549-50, (2014) (citations omitted). "[I]n assessing the amount in controversy, a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Campbell v. Vitran Express, Inc.*, 471 F. App'x 646, 648 (9th Cir. 2012) (citation omitted). Where a complaint does not specify the amount of damages sought, the removing defendant need only establish that it is more likely than not that the amount in controversy requirement has been met. *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 683 (9th Cir. 2006). "The removing party's burden is 'not daunting,' and defendants are not obligated to 'research, state, and prove the plaintiff's claims for damages.'" *Behrazfar v. Unisys Corp.*, 687 F. Supp. 2d 999, 1004 (C.D. Cal. 2009).

24.     Country Life has been selling Activated Charcoal products since September 1997. Country Life's nationwide sales of its Activated Charcoal capsule and powder products during the class period have significantly exceeded $5,000,000.00.  Country Life expects that its sales will increase year over year. Jurisdiction in a diversity case is determined at the time of removal. *Rivera v. UHS of Delaware, Inc.*, No. EDCV1500863JGBDTBX, 2015 WL 13685912, at *2 (C.D. Cal. June 19, 2015); *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018) (explaining that the amount in controversy includes all amounts "at stake" in the litigation at the time of removal, "whatever the likelihood that [the plaintiff] will actually recover them").

NOTICE OF REMOVAL

25.    The amount in controversy exceeds $5,000,000.00. The FAC alleges that the Country Life Products were essentially valueless: "Plaintiff and the Class paid for so-called digestive aids that could not deliver the benefits they were reasonably expecting to receive when they had decided to make their respective purchase. Plaintiff and the Class would not have purchased the Products had they known that the Products could not deliver the advertised gastrointestinal benefits." (FAC ¶ 61; *see, also,* FAC ¶ 2 [describing the products as "no more effective than a worthless placebo."]) Any award of restitution for the "valueless" goods sold in excess of $5,000,000 easily places the amount in controversy far above the jurisdictional threshold. *See, e.g., Waller v. Hewlett-Packard Co.*, No. 11- 454, 2011 WL 8601207, at *2 n.3 (S.D. Cal. May 10, 2011) (calculating amount in controversy based on the full purchase price even though plaintiff argued it would be "unrealistic" to expect the putative class members to receive a "100% reimbursement," since the inquiry is based on "the relief a plaintiff seeks, not what the plaintiff may reasonably or ultimately obtain.")

26.    Further, the cost of compliance with Plaintiff's injunction will create an additional economic impact on Country Life that will contribute to the amount in controversy. It is well established that the cost of compliance with an injunction counts toward the amount in controversy. *See, e.g., Tompkins v. Basic Research LLC*, No. 5-08-244, 2008 WL 71808316, at *4 & n9 (E.D. Cal. Apr. 22, 2008) (Noting that under CAFA, the amount in controversy includes defendants' potential cost of compliance with a request for injunctive relief); *Bayol v. ZipCar, Inc.*, 2015 WL 4931756, at *10 (N.D. Cal. Aug. 18, 2015) ("[A] defendant's aggregate cost of compliance with an injunction is appropriately counted toward the amount in controversy"); *Anderson v. Seaworld*, 132 F.Supp.3d 1156, 1163-1164 (N.D. Cal 2015) (Preponderance of evidence supported finding that if injunctive relief were granted, it would be harder for Defendant to secure third-

NOTICE OF REMOVAL                                    DOC. # DC-13795035 V.1

party vendors for ticket sales and as a result, future ticket sales would be reduced by at least $5 million in a single year.)

27.     Plaintiff also seeks to recover attorneys' fees, which will contribute to the alleged amount in controversy. ("Prayer for Relief"); *see Kroske v. US. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (including attorney's fees in amount in controversy); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155–56 (9th Cir. 1998) (including attorneys' fees in calculating the amount in controversy requirement for diversity jurisdiction).

28.     Thus, while Country Life disputes that it is liable to Plaintiff or any putative class member—or that Plaintiff or any putative class member suffered injury or incurred damages in any amount whatsoever—to the extent Plaintiff seeks restitution, injunctive relief and recovery of attorneys' fees, the amount in controversy is well in excess of the $5,000,000.00 threshold for satisfying CAFA's jurisdictional prerequisites.

**Minimum Diversity Exists**

29.     Diversity exists for purposes of removal under CAFA where "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). "[T]he term 'class members' means the persons (named or unnamed) who fall within the definition of the proposed or certified class in a class action." 28 U.S.C. § 1332(d)(1)(D).

30.     Plaintiff is a citizen of California. (FAC ¶ 3.)

31.     The Complaint alleges that Country Life, LLC is "headquartered out of Hauppauge, New York and maintains its principal business office at 180 Vanderbilt Motor Parkway Hauppauge, New York." (FAC ¶ 4.) Therefore, under 28 U.S.C. § 1332(d)(10), Country Life is a citizen of New York.

32.     Country Life is a limited liability company organized under the laws of New York, and with its principle place of business in New York state.  Country Life's sole member is KI Nutricare, Inc. (a holding company registered in New

NOTICE OF REMOVAL                    DOC. # DC-13795035 V.1

1  York). KI Nutricare, Inc.'s sole member is Kikkoman Corporation, a publicly

2  traded Japanese corporation.

3         33.    Ordinarily, for purposes of diversity jurisdiction, an unincorporated

4  association has the citizenships of all of its members. *See Johnson v. Columbia*

5  *Props. Anchorage, LP.*, 437 F.3d 894, 899 (9th Cir. 2006). However, the

6  "exception to this rule is for class actions brought pursuant to the Class Action

7  Fairness Act, 28 U.S.C. § 1332(d)(10)." *Moss v. Infinity Ins. Co.*, 2015 WL

8  7351395, at *2 (N.D. Cal. Nov. 20, 2015). CAFA abrogates the traditional rule that

9  an unincorporated association shares the citizenship of each of its members for

10  diversity purposes. *See Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026, 1032

11  n.13 (9th Cir. 2009) (A. Kleinfeld, concurring) ("For qualifying class actions such

12  as this one, CAFA abrogates the traditional rule that an unincorporated association

13  shares the citizenship of each of its members for diversity purposes …."); *Abrego*

14  *v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) ("under § 1332(d)(10),

15  'an unincorporated association [is]...deemed to be a citizen of the State where it

16  has its principal place of business and the State under whose laws it is organized,'

17  which departs from the rule that frequently destroys diversity jurisdiction, that 'a

18  limited partnership's [or unincorporated association's] citizenship for diversity

19  purposes can be determined only by reference to all of the entity's members'");

20  *Kim v. Shellpoint Partners, LLC*, 2016 WL 1241541, at *5 (S.D. Cal. Mar. 30,

21  2016) ("For CAFA's purposes, [defendant] is a citizen both of the state where it

22  has its principal place of business and the state under whose laws it is organized.

23  *See* 28 U.S.C. § 1332(d)(10).").

24         34.    The diversity requirement is clearly satisfied because the putative

25  class includes members who are citizens of California and Country Life is a citizen

26  of New York, as the citizenship of an unincorporated association is defined under

27  U.S.C. § 1332(d)(10).

28  **No CAFA Exceptions Apply**

35.     This Action does not fall within any of the exclusions to removal jurisdiction recognized by 28 U.S.C. § 1332(d), and Plaintiff has the burden of proving otherwise. *See Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007) ("[T]he party seeking remand bears the burden to prove an exception to CAFA's jurisdiction").

## V.     THE OTHER PROCEDURAL REQUISITES FOR REMOVAL ARE SATISFIED

36.     *Venue*. Plaintiff filed this action in the Superior Court of the State of California, County of Los Angeles. This action is thus properly removed to the United States District Court for the Central District of California, Western Division, which embraces Los Angeles County within its jurisdiction. 28 U.S.C. §§ 1441(a), 1446(a).

37.     *Notice*. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Clerk of Court for the Superior Court for the States of California, County of Los Angeles and served upon counsel for Plaintiff.

38.     Pursuant to 28 USC § 1446(a), a copy of all pleadings, process and orders served on Country Life in the state action is attached hereto as Exhibits 1 through 7[2].

## VI.     CONCLUSION

Country Life respectfully submits that this action is removed properly pursuant to the Class Action Fairness Act.

DATED:     April 2, 2021                    /s/ *Melanie A. Ayerh*

                                        STEPTOE & JOHNSON LLP
                                        Carol Brophy
                                        Anthony J. Anscombe
                                        Melanie A. Ayerh

---

[2] All state court pleadings and orders otherwise not referenced in Exhibits 1 through 6, are attached collectively as Exhibit 7.

NOTICE OF REMOVAL                                    DOC. # DC-13795035 V.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Counsel for Defendant, Country Life, LLC*

11

NOTICE OF REMOVAL